F. K. WEIKLE v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

April 30, 1896.

Nos. 9746—(22).

**Guaranty—Original Undertaking.**

The defendant is a railroad corporation, and its general manager and general freight agent requested plaintiff to ship certain hogs from Glenwood and Elbow Lake, Minnesota, to one H., at Hankinson, North Dakota, and that, if he did so, they would guaranty the payment to plaintiff of the price of the hogs. Plaintiff shipped the hogs, but H. was unable or unwilling to pay for them, and so informed the plaintiff; and thereupon the general manager and general freight agent, without plaintiff's knowledge or consent, had the hogs reshipped to Minneapolis, and demanded of the plaintiff that he receive and accept them at that point. The defendant made no charges for transporting the hogs, and received no benefit or profit from the transaction. *Held,* that this promise of the manager and freight agent was strictly a guaranty of the debt of H., and not an original undertaking on the part of the defendant.

**Railway Company—Liability for Contract of Agent.**

*Held,* further, that as there was no express authority from the defendant to the manager or agent to make such a guaranty of payment, and as none could be implied, because giving such guaranty was beyond the scope of their authority, the defendant is not liable.

Appeal by plaintiff from a judgment of the municipal court of Minneapolis in favor of defendant, entered in pursuance of the findings and order of Holt, J. Affirmed.

[1] Reported in 66 N. W. 963.

*F. D. Larrabee*, for appellant.

*Alfred H. Bright* and *Henry B. Dike*, for respondent.

BUCK, J.  The defendant is a railroad corporation, operating a line of railway through Glenwood and Elbow Lake, in this state, to Hankinson, in the state of North Dakota; and, at the times mentioned in the complaint, F. D. Underwood was the general manager, and W. L. Martin the general freight agent, of this railroad corporation, its business being that of a common carrier.  On December 1, 1894, the plaintiff was the owner of 98 hogs, of the value of $493, part of said hogs being at Glenwood, and the others at Elbow Lake, which were stations on the line of defendant's railway.  Prior to the date above named, the defendant's general manager, Underwood, and general freight agent, Martin, ascertained that the plaintiff was willing to dispose of said hogs for the price of 5 cents per pound for part of said hogs, and for 5½ cents per pound for the others; and they requested him to ship said hogs to one R. H. Hankinson, at Hankinson, North Dakota, and informed him that, if he would do so, the defendant railroad corporation would guaranty the payment to plaintiff of the price of said hogs.  Accordingly, plaintiff shipped said hogs to Hankinson, and delivered them to R. H. Hankinson, who was unwilling or unable to pay the price for them, or any part thereof, and so informed the plaintiff.  Thereafter, and in the month of December, 1894, Underwood and Martin, without plaintiff's knowledge or consent, caused said hogs to be shipped from Hankinson to Minneapolis, in this state, and demanded of plaintiff that he should receive and accept said hogs at Minneapolis, which plaintiff refused to do, and he demanded payment of defendant of the price of the hogs, no part of which has ever been paid.

Fairly construed, we think that the complaint and findings of the trial court do not show a purchase of the hogs by the defendant, but that they were sent to Hankinson in the expectation that he would purchase and pay for them, and that, if he did not do so, then the manager and freight agent assured the plaintiff that the defendant would guaranty such payment.  Certainly in such case the defendant was not the principal or original purchaser or debtor.  The fact that the general manager and freight agent as-

sured plaintiff that defendant would guaranty the payment excludes the proposition that it was an original undertaking, as a purchase, on the part of the defendant. In the case of Dole v. Young, 24 Pick. 250, the following writing was signed and addressed to the plaintiff by the defendant: "Please send W. goods to the amount of $100, and I will guaranty the same in four months." And the plaintiff, immediately after the presentation thereof, delivered the goods to W. It was held (Chief Justice Shaw delivering the opinion) that it was strictly a guaranty of the debt of W., and not an original undertaking on the part of the defendant.

It does not appear that there was a completed sale to any one. Hankinson did not agree to buy or pay for the hogs, and he not only refused to pay for them, but did not keep them. The defendant, not having bought them or paid for them, did not seek to keep them, and, without making any charges for transporting them to North Dakota, shipped them back to Minneapolis, where it offered to deliver them to plaintiff, who refused to receive them. Whether the hogs at Minneapolis were worth more or less than the previously agreed price of $493, or whether they would have been worth less than that amount if delivered at Glenwood and Elbow Lake, does not appear, and perhaps in this particular and in this action it is not essential. We merely refer to it for the purpose of showing that it does not affirmatively appear that the plaintiff was damaged by the act of the defendant in shipping the hogs either way, or leaving them at Minneapolis.

The appellant's counsel suggests that a railroad corporation has implied authority to do all acts necessary for the full and complete utilization of its special powers which are not impliedly excluded by the terms of its grant, and cites the case of State Board of Agriculture v. Citizens' S. R. Co., 47 Ind. 407, in support of this position. The facts in that case are materially different from those appearing in this action. In that case the street railway company had received the benefits, profits, and advantages of the contract made with it, and these profits had gone to swell the dividends of the stockholders of the corporation, and the court held it liable. The street-railway company had subscribed $1,000, and promised to pay the same to the state board of agriculture, as an

inducement for it to hold a fair for three successive years north of the city of Indianapolis, whereby the street-railway company would be greatly benefited in carrying passengers. After receiving the benefits resulting from the holding of such fair, it refused to pay its subscription, and the court held it liable. This decision is criticised by Wood, R. R. 548, citing Davis v. Old Colony R. Co., 131 Mass. 258, as holding a diametrically opposite doctrine. We express no opinion as to which of the cases states the correct doctrine.

There being no express or implied contract of purchase between plaintiff and defendant, the latter, not having received any of the profits or benefits of the transaction, is not primarily liable to pay the price of the hogs. Is it liable upon the guaranty of its general manager and general freight agent that if Hankinson, a third party, not shown to have any business connection with the defendant, should not pay the price of the hogs, then the defendant would guaranty the payment of the price thereof to the plaintiff? We are of the opinion that it is not so liable. There was no express authority from the corporation that the manager or agent might make such a guaranty, and there could not be any implied power, because giving such guaranty was beyond the apparent scope of their authority. "A party dealing with a corporation is chargeable with notice of the nature and extent of its powers, as disclosed by its charter or articles of association." Kraniger v. People's Bldg. Soc., 60 Minn. 94, 61 N. W. 904.

There has not been any recognition or ratification of the acts of the general manager and general freight agent by the corporation, and, whatever may be the liability of the manager and agent on account of the part which they took in the transaction, the defendant is not liable.

Judgment affirmed.